GARY CERTAIN (GC-7509) gcertain@certainlaw.com
CERTAIN & ZILBERG, PLLC
909 Third Avenue, 28th Floor
New York, NY 10022
Tel 212.687.7800 / Fax 212.687.7801

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDEN DODSON and GLADSTONE A. DAINTY on behalf of themselves, and all other persons similarly situated,<br>　　　　Plaintiffs,<br>　　vs.<br>INTERNATIONAL CRICKET COUNCIL and DAVID RICHARDSON in individual and representative capacity as the chief executive of the INTERNATIONAL CRICKET COUNCIL,<br>　　　　Defendants. | **Civil Action No.**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

The plaintiffs LINDEN DODSON and GLADSTONE A. DAINTY both complaining of the above-named defendants, by counsel, Certain & Zilberg PLLC respectfully allege the following:

### INTRODUCTION

This is a diversity action seeking relief in the form of damages and injunctive relief as a result of Defendant INTERNATIONAL CRICKET COUNCIL's (hereinafter 'ICC') and DAVID RICHARDSON's tortious interference with business relations between plaintiffs and the United States of America Cricket Association (hereinafter 'USACA'), an ICC associate member, and Defamation Per Se.

### JURISDICTION AND VENUE

1. Jurisdiction in this case is based upon diversity of citizenship, 28 U.S.C. §1332, in that: plaintiff, LINDEN DODSON, is a resident of the State of New York; plaintiff GLADSTONE

A. DAINTY, is a resident of the State of Maryland and Defendant ICC is incorporated in and has its principal place of business in a State and Country other than that of the plaintiffs, and DAVID RICHARDSON is, upon information and belief a resident of England, United Kingdom, and the amount in controversy exceeds the sum of $150,000.00 exclusive of interest and costs.

## PARTIES

2. Plaintiff LINDEN DODSON, is a natural person who is a resident of and conducts business in the County of Queens, City and State of New York.

3. At all times relevant to this action Plaintiff LINDEN DODSON is, and was, a member of the Board of Directors of the United States of America Cricket Association (USACA).

4. In addition to Plaintiff LINDEN DODSON's USACA responsibilities, LINDEN DODSON maintains a practice as a Doctor of Veterinary Medicine and a Biological Science Professor.

5. Plaintiff GLADSTONE A. DAINTY, is a natural person who is a resident of Prince George's County and the State of Maryland.

6. At all times relevant to this action Plaintiff GLADSTONE A. DAINTY is, and was, a member of the Board of Directors of USACA.

7. At all times relevant to this action Plaintiff GLADSTONE A. DAINTY is, and was, the duly elected President of USACA.

8. In addition to Plaintiff GLADSTONE A. DAINTY's USACA responsibilities, GLADSTONE A. DAINTY maintains a practice as a Certified Public Accountant and also serves as the Treasurer to a 501(c)(3) non-for-profit adoption agency.

9. The International Cricket Council (the "ICC") is an international governing body for the sport of cricket, formerly known as the Imperial Cricket Conference (1909- 1965) and as the International Cricket Conference (1965 – 1989). It is responsible for the organization and governance of cricket's major international tournaments, including competitive 'Test Matches.'

10. Defendant ICC headquarters are located in the City of Dubai, United Arab Emirates, at Street 69, Dubai Sports City, Sh Mohammed Bin Zayed Road, Dubai, PO Box 500 070, UAE.

11. Upon information and belief, no director or officers of the ICC are residents of the State of New York.

12. Defendant DAVID RICHARDSON is a natural person who, upon information and belief, is a resident of England, United Kingdom.

13. At all times relevant to this action Defendant DAVID RICHARDSON is, and was, chief Executive Officer of the ICC.

## STATEMENT OF FACTS

14. USACA had been an associate member of the ICC for over 50 years, since 1965.

15. In or about May 5, 2016, the ICC and its Sustainable Foundation Advisory Group (SFAG), independent of USACA's directors and officers, externally developed a new Constitution for USACA which the ICC then sought to impose on USACA.

16. The ICC, through its efforts and activities intended to exercise command and control over the governance of USACA, including making improper efforts to displace and/or otherwise remove USACA' duly elected directors and officers. Such efforts and activities would, if adopted, jeopardize USACA's 501(c)(3) status as such improper efforts are intended to serve the objectives of the ICC and personal preferences of its representatives, and not that of USACA.

17. Further, the Constitution and rule changes proposed and demanded by Defendant ICC violate autonomy requirements necessary to maintain USACA's lawful 501(c)(3) status.

18. In addition, the ICC's proposed and demanded constitution and rule changes are improper as they call upon USACA and the plaintiffs, as directors, to engage in activities that serve not USACA's best interests but rather the personal preferences of the officers and directors of the ICC, an organization other than the 501(c)(3) organization to which the USACA directors maintain a fiduciary relationship.

19. As of January 1, 2018, the ICC had 12 "Full Members" and 93 "Associate members."

20. The ICC has not mandated that its other Associate Members adopt a Constitution proposed by the ICC.

21. The ICC has not mandated that its other Associate Members adopt specific Constitutional provisions required by the ICC.

22. The ICC drafted Constitution which Defendant ICC sought to externally impose on USACA would effectively bar USACA's current and duly elected board members from continuing to serve as board members, including plaintiffs LINDEN DODSON and GLADSTONE A. DAINTY.

23. The subject ICC mandate was part of its malicious and thinly vailed campaign to oust the duly elected members of USACA's board of directors.

24. On April 8, 2017, USACA ratified a modified version of the Constitution proposed by the ICC, which adopted the vast majority of the provisions contained within the Constitution proposed by the ICC.

25. As a result of the justified decision of USACA to decline to adopt the ICC's proposed constitution the ICC terminated USACA's membership in or about June 22, 2017.

26. In addition, Defendant ICC and its representatives, agents and/or employees including its CEO Defendant DAVID RICHARDSON have engaged in a repeated pattern of issuing public and private remarks that disparage the members of the Board of Directors of USACA, including plaintiffs LINDEN DODSON and GLADSTONE A. DAINTY.

27. The disparaging statements include but are not limited to Defendant ICC and its representatives, agents and/or employees including its CEO Defendant DAVID RICHARDSON issuing false statements claiming that the members of the USACA board have "mismanaged" USACA, are "unfit" to manage USACA, are "untrustworthy," "misused" USACA funds, were responsible for and/or otherwise permitted "financial irregularities" to occur under their governance, and committed or were otherwise complicit in permitting "election improprieties" to occur and repeatedly stated that USACA and its board members listed 'fake/ghost leagues.'

**AS FOR A FIRST CAUSE OF ACTION FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

28. Plaintiffs repeat, reiterate, and reallege each and every allegation of this complaint set forth hereinabove and incorporate same herein by reference as though more fully set forth at length herein.

29. That defendants have engaged in a deliberate effort to improperly interfere with the business relationship between the plaintiffs and the third party USACA by mandating that USACA adopt an ICC drafted Constitution along with terms that would have disqualified duly elected and serving members of the USACA board from continuing in their status as board members under threat of expulsion by the ICC.

30. When USACA ratified a Constitution containing the majority of ICC's proposal but declined to adopt the ICC proposed organizational Constitution in its entirety, specifically declining to adopt provisions that would have resulted in the separation of the plaintiffs and similarly

Case 1:18-cv-02548-WFK-SMG   Document 1   Filed 04/30/18   Page 6 of 8 PageID #: 6

situated board member from their USACA positions, the ICC terminated USACA's longstanding associate membership.

31. Said expulsion has effectively prevented the plaintiffs and other board members from meaningfully continuing in their capacities as sanctioned members of the international competitive cricket community.

32. Said expulsion by the ICC has significantly diminished the plaintiffs and other similarly situated board members' ability to carry out the mission of USACA.

33. Since the expulsion of USACA by the ICC, the ICC has bypassed the USACA and engaged in cricket related activities in the United States that would normally be performed and/or coordinated by the board members of USACA, including the plaintiffs.

34. That by reason of the foregoing, the plaintiffs have been damaged in an amount to be determined by a jury at trial.

## AS FOR A SECOND CAUSE OF ACTION FOR DEFAMATION PER SE

35. Plaintiffs repeat, reiterate, and reallege each and every allegation of this complaint set forth hereinabove and incorporate same herein by reference as though more fully set forth a length herein.

36. Both in the context of social and professional communications the plaintiffs have been confronted with inquiries concerning the disparaging statements of the defendants.

37. The false statements issued by the defendants constitute *Defamation Per Se* as the injured plaintiffs are professionals, a Doctor of Veterinary Medicine (DVM)) and Certified Public Accountant (CPA) respectively, whose practices rely on their professional reputations for honesty, competency and integrity which are assailed by the disparaging statements indicated above.

38. That by reason of the foregoing, Plaintiffs have been damaged in an amount to be determined by a jury at trial.

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury for all issues so triable.

1. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of similarly situated individuals, pray for relief and judgment as follows:

   a. For preliminary and permanent injunctive relief staying the expulsion of USACA as the United States of America associate member to the ICC.
   b. For preliminary and permanent injunctive relief enjoining the ICC from issuing a membership to any organization within the United States of America.
   c. For preliminary and permanent injunctive relief enjoining the ICC from declaring or otherwise treating the United States of America as a territory of another member country or member to continue operating cricket and tournaments in the United States of America.
   d. For preliminary and permanent injunctive relief prohibiting the ICC from granting any class of ICC membership inclusive of full or associate status to any entity operating within the United States of America.
   e. For preliminary and permanent injunctive relief enjoining the ICC from participating in or otherwise promoting cricket related events within the United States of America.
   f. For preliminary and permanent injunctive relief enjoining Defendants, their agents, servants and employees and all persons acting in concert with them from issuing false disparaging statements in the future concerning the USACA's board and each of its board members.
   g. For an order directing Defendants to issue a retraction of each disparaging statement.
   h. For damages against Defendants in the amount of TWO MILLION DOLLARS ($2,000,000.).

i.  For exemplary/punitive damages against Defendants in an amount sufficient to punish and set an example.

Dated:      April 30, 2018
            New York, New York

_____
Certain & Zilberg, PLLC
By Gary Certain, (GC-7509)
Counsel to Plaintiffs
909 Third Avenue, 28th Floor
New York, New York 10022
Telephone: (212) 687-7800
E-Mail: gcertain@certainlaw.com

To:

INTERNATIONAL CRICKET COUNCIL
Street 69, Dubai Sports City
Sh Mohammed Bin Zayed Road
Dubai, PO Box 500 070
United Arab Emirates


DAVID RICHARDSON c/o
International Cricket Council
International Cricket Council FZ LLC (incorporated under the regulations of the Dubai Creative Clusters Authority with registered address at Executive Desk 13D, Second Floor, Building 2, Dubai Media City, United Arab Emirates)
Administrative Office Postal Address : Street 69, Dubai Sports City, Sh Mohammed Bin Zayed Road, Dubai, PO Box 500 070, UAE
Phone : +971 4 3828800
Fax : +971 4 3828600


DAVID RICHARDSON c/o
ICC Americas
1520 S. Tejon Street
Colorado Springs, CO 80905